IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **ERIC LEE CHILDRESS,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:15CV00474 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **SUPERINTENDANT GERALD** | ) | By: James P. Jones |
| **McPEAK, ET AL.,** | ) | United States District Judge |
| | ) | |
| Defendants. | ) | |

Eric Lee Childress, a Virginia inmate proceeding pro se, has filed a new civil rights action under 42 U.S.C. § 1983, concerning his dissatisfaction with various conditions at the New River Valley Regional Jail. By separate order, the court has directed Childress to comply with certain conditions as required to proceed without prepayment of the $400 filing costs for this lawsuit. If he complies with these conditions and I determine that his allegations state one or more possible constitutional claims actionable under § 1983, the case may go forward, and the clerk's office may attempt service of process of Childress's claims on the defendants. With his Complaint, however, Childress has filed a motion seeking interlocutory injunctive relief, which must be denied.

Liberally construing Childress's submissions, he complains generally that since his incarceration at the jail in May 2014, he has been subjected to officers'

verbal threats of beatings, uncomfortable and unsanitary living conditions, dirty food trays, insufficient diet, unfair disciplinary charges, injuries and infection from wrist and ankle restraints, and retaliatory actions for writing grievances about all these issues and more. He alleges that on one occasion, while conducting a pat down search on Childress, an officer fondled his testicles and penetrated his rectum with an unspecified object. Childress later reported to authorities that he had been sexually assaulted and was transported to a local hospital for evidence gathering and evaluation of his injuries.

Childress claims that he fears for his physical safety, because of these past events and officers' verbal threats. He moves for a temporary restraining order or preliminary injunction, directing that the defendant officers he has named be enjoined from retaliating against him or any witness he mentions in the complaint; from placing Childress in administrative segregation because of this lawsuit; and from having any communication or contact with Childress; he also asks that the defendants be directed to transfer Childress to another jail facility.

Because preliminary injunctive relief is an extraordinary remedy, the party seeking such relief must make a clear showing "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Each of these four factors must be satisfied.[1]  *Id.*  "Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with" the fact that injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 22.

From Childress's allegations of isolated past events and generalized descriptions of uncomfortable conditions and mere verbal threats of harm, I cannot find more than a mere possibility, rather than any likelihood, that he will suffer irreparable harm in the absence of court intervention.  Therefore, I do not find that his factual allegations warrant the interlocutory relief he seeks under *Winter*.

A separate order will be entered denying the Motion for Preliminary Injunction.

DATED:   September 10, 2015

/s/  James P. Jones
United States District Judge

---

[1]  The plaintiff requests both a temporary restraining order and a preliminary injunction.  Temporary restraining orders are issued only rarely, when the movant proves that he will suffer injury if relief is not granted before the adverse party could be notified and have opportunity to respond.  *See* Fed. R. Civ. P. 65(b).  Such an order would only last until such time as a hearing on a preliminary injunction could be arranged.  As it is clear from the outset that the plaintiff is not entitled to a preliminary injunction, I find no basis upon which to grant him a temporary restraining order.