IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ERIC LEE CHILDRESS, </br></br>        Plaintiff, </br></br>v. </br></br></br>GERALD MCPEAK, ET AL., </br></br>        Defendant(s). | Case No. 7:15CV00474 </br></br></br>OPINION AND ORDER </br></br></br>By: Robert S. Ballou </br>United States Magistrate Judge |

In this action pursuant to 42 U.S.C. § 1983, the *pro se* prisoner plaintiff attempts to join together in one case multiple, unrelated legal claims concerning different events and time periods at a local jail and names nine individual jail officials as defendants. As it stands, the complaint runs afoul of applicable joinder rules and the filing fee requirements of the Prison Litigation Reform Act ("PLRA") and cannot proceed as filed.

I

The present complaint is not consistent with Rules 8, 10, 18, and 20 of the Federal Rules of Civil Procedure, regarding the format of a civil complaint and the permissible joinder of claims and parties. Rule 8 provides that plaintiff's pleading should make "a short and plain statement of the claim showing that [he] is entitled to relief [and] a demand for the relief sought," while Rule 10 requires that plaintiff must name all parties in the caption of the complaint and "must state [his] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Rule 18(a) of the Federal Rules of Civil Procedure only allows a plaintiff to join as many claims as it has against *an opposing party*" (emphasis added). On the other hand, Rule 20 allows the joinder of several parties *only* if the claims arose out of the same transaction

or occurrence, or series thereof, *and* contain a question of fact or law common to all the defendants. Thus, if the claims arise out of different transactions and do not involve all defendants, joinder of the claims in one lawsuit should not be allowed.

Under these rules, "a plaintiff may name more than one defendant in a multiple claim lawsuit only if the claims against all defendants arose out of the same incident or incidents and involve a common factual or legal question." *Green v. Denning*, No. 06-3298, 2009 U.S. Dist. LEXIS 15738, 2009 WL 484457, at *2 (D. Kan. Feb. 26, 2009). These procedural rules apply with equal force to *pro se* prisoner cases. Indeed, "[r]equiring adherence in prisoner suits to the federal rules regarding joinder of parties and claims prevents 'the sort of morass [a multiple claim, multiple defendant] suit produce[s].'" *Id.* (quoting *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

In addition, to allow plaintiff to pay one filing fee, yet join disparate legal claims against multiple parties, concerning at least five different events or factual issues, flies in the face of the letter and spirit of the Prison Litigation Reform Act ("PLRA"). PLRA restrictions on prisoner-filed civil actions include: requiring full payment of the filing fee in any civil action or appeal submitted by a prisoner—through prepayment or through partial payments withheld from the inmate's trust account; authorization of court review and summary disposition of any claim or action that is frivolous or malicious, fails to state a valid claim upon which relief can be granted, or seeks relief against persons immune from such relief; and a "three strike" provision, which prevents a prisoner from proceeding without prepayment of the filing fee if the prisoner's litigation in federal court includes three or more cases dismissed as frivolous, malicious, or as stating no claim for relief. *See gen.* 28 U.S.C. §§ 1915, 1915A. "Congress enacted the PLRA with the principal purpose of deterring frivolous prisoner litigation by instituting economic costs

2

for prisoners wishing to file civil claims." *Lyon v. Krol*, 127 F.3d 763, 764 (8th Cir. 1997). Compliance with the joinder rules "prevents prisoners from 'dodging' the fee obligation and '3-strikes' provision of the PLRA." *Green*, 2009 WL 484457, at *2. To allow plaintiff to essentially package several lawsuits into one complaint would undercut the PLRA's three-strikes provision and its filing fee requirement.[1]

II

Plaintiff's complaint may not proceed as it is presently constituted, because it does not make any clear statement of the separate claims he wishes to bring; and it does not state facts concerning the alleged actions or omissions of each defendant in violation of plaintiff's rights. The complaint also improperly joins together multiple claims and multiple defendants. Because plaintiff is proceeding *pro se*, the court will give him an opportunity to file an amended complaint. This amended complaint must be a new pleading, complete in all respects, which stands by itself without reference to the complaint or attachments. The new amended complaint must comply with the format requirements of Rules 8 and 10, and must comply with the joinder rules; the claim(s) set forth in the amended document must arise out of the same transaction, occurrence, or series of transactions or occurrences; and the claim(s) must contain a question of law or fact common to all defendants.

This opinion does not address the possible merit of any of plaintiff's claims, and it does not mean that solely by virtue of the court's determination of misjoinder, plaintiff loses his right to litigate any of the claims he has pled to date in this action. Plaintiff simply may not litigate all of his unrelated claims against all these defendants in this single suit. Claims he chooses not to

---

[1] *See also Green*, 2009 WL 484457, at *3 ("To permit plaintiff to proceed in this single action on unrelated claims against different defendants that should be litigated in separate action(s) would allow him to avoid paying the filing fees required for separate actions, and could also allow him to circumvent the three strikes provision for any new and unrelated claims that might be found to be "strike" under 28 U.S.C. § 1915(g).")

include in the amended complaint in this action may be brought in a separate civil action.  Of course, any additional lawsuit will obligate plaintiff to consent to pay the required filing fee.  Additionally, both the amended complaint and any new, separately filed, complaints will be subject to judicial screening for possible dismissal under 28 U.S.C. §§ 1915(e)(2) and 1915A.

## III

In accordance with this Opinion, it is **ORDERED** that to pursue any legal claim in this action, plaintiff is DIRECTED to file, within 21 days from entry of this order, a new amended complaint complying with Rules 8, 10, 18 and 20 of the Federal Rules of Civil Procedure.  Such amended complaint may join multiple defendants ONLY if (1) the right to relief asserted against them arises out of the same transaction or occurrence, or series of transactions or occurrences, AND (2) at least one question of law or fact is common to all defendants.  Plaintiff is hereby notified that if he fails to timely file an amended complaint, or his amended complaint seeks to join disparate claims in violation of Rule 20, the court may dismiss this entire action without prejudice.

Enter:  September 28, 2015

*/s/ Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge